IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CR-34-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ALEXIS P. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion (DE 63) to reconsider the court's July 7, 2017, order denying defendant's motion to suppress. The motion has been fully briefed, and in this posture, the issues raised are ripe for review. For the following reasons, the court denies defendant's motion to reconsider.

**BACKGROUND**

On April 5, 2016, defendant was charged in a single-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant's motion to suppress sought to suppress all evidence derived or flowing from the February 24, 2016, warrantless search of his Lumberton, North Carolina residence as a part of "Operation Zero Hour."[1]

Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") after evidentiary hearing, wherein it was recommended that this court grant defendant's motion. (DE 54). On July 7, 2017, this court rejected the recommendation and denied the motion to suppress. Defendant filed the instant motion

---

[1] Operation Zero Hour was, as presented, an extensive operation involving 180 law enforcement officers from 21 agencies in and around Robeson County, North Carolina, where Lumberton is situated, conducted between February 23, 2016 and February 25, 2016.

on August 31, 2017.

**DISCUSSION**

A.	Standard of Review

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), the Fourth Circuit has acknowledged that, in certain circumstances such as rehearing of orders in criminal proceedings, district courts have the inherent authority to decide motions for reconsideration, United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010). In addressing such motions, courts, by analogy, are guided by the standards established by the civil rules, that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Motions to reconsider are not proper where the motion merely asks the court to rethink what the Court had already thought through rightly or wrongly." DIRECTV, INC. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (interior citations omitted); see United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion [ to reconsider] is nothing more than a request that the district court change its mind, however, it is not authorized . . . .").

B.	Analysis

Defendant submits two cases recently decided as newly discovered North Carolina case law not available to defendant at the time of his initial motion to suppress, State v. Powell, 800 S.E.2d 745 (N.C. App. May 16, 2017) and Clark v. United States, No. 7:16-CR-32-1H, 2017 WL 3085857 (E.D.N.C. July 20, 2017), arguing these new cases support a different conclusion than that which the court determined in denying defendant's motion to suppress. (DE 63 at 1-2).

Previously the court recognized that defendant began a period of post-release supervision

after serving time in prison for a probation violation in August 2015. As part of his supervision, defendant agreed to abide by numerous conditions, including the following condition: "submit at reasonable times to searches of my person, premises, or any vehicle under my control by <u>my</u> supervising officer for purposes reasonably related to my supervision." DE 43 at 5 (emphasis added). The court held in its July 7, 2017, order that a search by a post-release supervising officer other than the assigned supervising officer, under the facts and circumstances presented, is reasonable under the Fourth Amendment in that defendant could not reasonably expect to be subject to warrantless searches by only one named supervising officer, as this would create an enhanced expectation of privacy and undermine the state's interest in administering its post-release supervision program.

The cases offered by defendant do not alter the court's analysis. In <u>Powell</u>, the North Carolina Court of Appeals held that a warrantless search of a probationer's home was not "directly related" to the supervision of defendant's probation as required by N.C. Gen. Stat. § 15A-1343(b)(13) and thereby invalid. <u>Powell</u>, 800 S.E.2d at 754.[2] In <u>Clark</u>, the court also addressed N.C. Gen. Stat. § 15A-1343(b)(13) in the context of another case related to Operation Zero Hour, holding that the warrantless search that occurred in that case was to further the mission of Operation Zero Hour, there was not evidence of conduct of the defendant upon which to conclude a violation of the probation agreement had occurred, and therefore, <u>inter alia</u>, the government failed to show the warrantless search of defendant's home was in compliance with N.C. Gen. Stat. §

---

[2]N.C. Gen. Stat. § 15A-1343(b)(13) states as a regular condition of probation, a defendant must "[s]ubmit at reasonable times to warrantless searches by a probation officer of the probationer's person and of the probationer's vehicle and premises while the probationer is present, for purposes <u>directly related</u> to the probation supervision, but the probationer may not be required to submit to any other search that would otherwise be unlawful." (Emphasis added).

3

15A-1343(b)(13). Clark, 2017 WL 3085857, at *2.

Powell and Clark do not alter the court's analysis for two reasons. First, the court notes that defendant here was on post-release supervision, not probation, and therefore defendant was not subject to the North Carolina conditions of probation statute, N.C. Gen. Stat. § 15A-1343(b)(13) addressed in Powell and Clark. Compare North Carolina General Statutes, Chapter 15A, Article 82 (governing probation) with North Carolina General Statutes, Chapter 15A, Article 84a (governing post-release supervision); see also United States v. Irons, 226 F. Supp. 3d 513, 518 (E.D.N.C. 2016) (distinguishing between North Carolina statutes governing post-release supervision and probation).

Under N.C. Gen. Stat. § 15A–1368.4, persons under post-release supervision are subject to the following provisions applicable here: 1) "not commit another crime during the period the supervisee remains subject to revocation"; 2) "[s]ubmit at reasonable times to searches of the supervisee's person by a post-release supervision officer for purposes reasonably related to post-release supervision"; and 3) Post–Release Supervision and Parole Commission "may impose conditions on a supervisee it believes reasonably necessary to ensure that the supervisee will lead a law-abiding life or to assist the supervisee to do so." (Emphasis added).³

Consistent with the court's determination in its prior order, the commission has wide discretion to impose conditions on a supervisee, and here, pursuant to both N.C. Gen. Stat. § 15A–1368.4(e)(10) and the terms of defendant's post-release supervision order, defendant was required to submit at reasonable times to searches that were "reasonably related," not directly

---

³The condition to "not commit another crime" during post-release supervision is labeled a "Required Condition" whereas the condition to submit to warrantless searches is labeled a "Controlling Condition"; a supervisee may have his supervision period revoked for violation of either a required or controlling condition. N.C. Gen. Stat. § 15A–1368.4.

4

related, to defendant's post-release supervision, which the court held in its previous order occurred, a holding the court determines should not be disturbed here. Although defendant disagrees, the court finds that the reasons offered by officer Cook for conducting a search of defendant's home are reasonably related to defendant's probation supervision and are as follows: 1) defendant was a high-risk supervision case, 2) had pending charges from before his incarceration, 3) failed a drug test in January, and 4) was reported as selling drugs. (DE 53 at 17). The reasons offered by officer Cook here stand in contrast to the lack of reasons offered in Powell, where defendant was selected for inclusion in the searches at issue but not for any articulable reason. See Powell, 800 S.E.2d at 749-51.

Second, the court recognizes a disagreement among the district courts regarding the way in which officers conducted warrantless searches during Operation Zero Hour. As stated above, in Clark, the court addressed warrantless searches conducted during Operation Zero Hour and found the searches conducted were not directly related to the probation supervision of defendant in Clark, a standard different than the standard currently before the court. In Irons, the court also addressed warrantless searches conducted during Operation Zero Hour and applied the same standard currently before this court. However, the court respectfully disagrees with the determination in Irons.[4] As the court previously stated, the law does not require what defendant urges, a result which seriously would undermine North Carolina's interest in administering its post-release supervision program.

---

[4]Additionally, although the court previously distinguished the district court's decision in Irons on the issue of whether a search could be conducted by a defendant's supervising parole officer only, upon reconsideration the court recognizes that there is disagreement among the district courts on this issue as well. See Irons, 226 F. Supp. 3d at 519 ("Because the warrantless search of Irons' home was not conducted or supervised by his supervising officer, the search was not reasonably related to his supervision.").

5

<u>See</u> July 7, 2017 order at 7; <u>accord</u> <u>United States v. Lynch</u>, No. 5:17CR12-BO, 2017 WL 1319786, at *4 (E.D.N.C. Apr. 7, 2017) (noting in the context of probation, "[t]o hold otherwise [that only the specific probation officer assigned to defendant be the one to conduct the search] would not serve North Carolina's legitimate interest in administering its probation system and would unnecessarily burden the efforts of probation officers, who generally supervise probationers as a group").

## CONCLUSION

Based on the foregoing, defendant's motion for reconsideration (DE 63) is DENIED.

SO ORDERED, this the 18th day of October, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge